UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DOUGLAS HAMMEL AND MIGNONNE MARY | * | CIVIL ACTION |
| VERSUS | * | NO: 06-7451 |
| STATE FARM AND CASUALTY COMPANY | * | SECTION: "D"(5) |

**ORDER AND REASONS**

Before the court is the **"Motion for Remand and for Attorney's Fees and Expenses"** filed by Plaintiff, Douglas Hammel and Mignonne Mary. Defendant, State Farm Fire & Casualty Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, February 14, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

In this Katrina-related matter, Plaintiffs initially filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against their alleged property insurer, State Farm, for its alleged failure to pay. In Paragraph 18 of their Petition, Plaintiffs allege that "Petitioners' claim does not exceed

$75,000.00."[1]

Defendant, State Farm, removed the matter to this court asserting that the court has diversity jurisdiction[2] and the amount in controversy exceeds $75,000.[3] State Farm maintains that while Plaintiffs have alleged in their Petition that their claim does not exceed $75,000, "the actual amount in controversy is ambiguous because Plaintiffs "did not affirmatively renounce the **right to accept a judgment** in excess of $75,000.00." (*See* Notice of Removal, p. 4, ¶ X).[4]

To show that amount in controversy exceeds $75,000, State Farm

---

[1] Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. La. Code Civ. Proc. Art. 893(A)(1). However, "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ..., a general allegation that the claim  ... is less than the requisite amount is required. *Id*.

[2] In its removal papers, State Farm also contends that the court has jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §1369. However, State Farm has abandoned this jurisdictional basis in its opposition to Plaintiff's Motion to Remand. For completeness of the record, the court finds that the MMTJA does not confer federal jurisdiction in this case, because as the Eastern District has consistently found, Katrina is not an "accident" within the meaning of the MMTJA. Further, there is no basis for piggy-back jurisdiction under 28 U.S.C. §1441(e)(1).

[3] The Fifth Circuit has established a clear analytical framework for resolving disputes concerning the amount in controversy removed from Louisiana state courts pursuant to §1332(1). *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995).

[4] Louisiana law provides that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contains no prayer for general or equitable relief. La. Code Civ. Proc. Art. 862.

attached to its Notice of Removal the Affidavit of Paul Van Hoose, a claim representative for State Farm, who attests that he is personally familiar with Plaintiffs' claims and

> 5. That the policy in question provided coverage to the premises in the amount of $154,330.00; or loss of personal property in the amount of $7,625.00, and, for loss of rents; [and]
>
> 6. That State Farm paid the insured the sum of $1,446.99 for damage to the building; no amount was paid for loss of personal property, and that $3,678.00 was paid to the insured for loss of rents. Consequently, the sum of $152,883.01 remains available for coverage losses to the structure, and $7,625.00 for losses of personal property....

(*See* Van Hoose Affidavit attached to Notice of Removal).

However, to resolve any ambiguity regarding the jurisdictional amount that existed at the time of removal, Plaintiffs executed a post-removal Affidavit wherein Plaintiffs have attested:

> 2. The total sum or value in controversy in this cause of action does not exceed $75,000.00, exclusive of interest and costs.
>
> 3. The total damages sought by us in this cause of action does not exceed $75,000.00, exclusive of interest and costs.
>
> 4. Neither our lawyer nor we will accept an amount that exceeds $75,000.00, exclusive of interest and costs.
>
> 5. Neither our lawyer nor we will amend the

      petition after one year to plead an amount in excess of $75,000.00, exclusive of interest and costs.

6.   Neither our lawyer nor we will authorize anyone on our behalf or our future heirs and assigns, to make such an amendment.

7.   Our lawyer and we understand and agree that our recovery is limited to an amount less than $75,000.00, exclusive of interest and costs.

*See* Plaintiffs' post-removal Affidavit attached to Plaintiffs' Memorandum as Exhibit E).[5]

While State Farm submits that Plaintiffs' Affidavit "is meaningless since it fails to state that they would not accept an amount in excess of $75,000.00, if awarded by a Court" (Opp. at 3), the court finds that with their Affidavit, Plaintiffs have shown that they are "legally bound" to accept less than $75,000.00, whether the matter is resolved through a Judgment in state court or otherwise. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 at n.14 (5th Cir. 1995).

Finally, Plaintiffs also move for attorney's fees and expenses under 28 U.S.C. §1447(c) for Defendant's improper removal.

---

[5] Post-removal affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Further, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits do not deprive the district court of jurisdiction. *Id.* In this case, because Plaintiffs generally alleged that their claim does not exceed $75,000, the court finds that it is not facially apparent that the amount in controversy exceeds $75,000.

However, because the court does not find that the removal was objectively unreasonable, the court exercises its discretion not to grant Plaintiffs' request for attorney's fees and expenses. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Accordingly;

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**, remanding this matter to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs' Request for Attorney's fees and expenses be and is hereby **DENIED**.

New Orleans, Louisiana, this **14th** day of **February, 2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE